**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**GRAMERCY EAST APTS**                                                          **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 3:24CV319-DMB-RP**

**TAYLORE NEAL**                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* for consideration of the defendant Taylore Neal's removal to this court of residential eviction proceedings against her from the Justice Court of Desoto County, Mississippi. ECF #1. The defendant has also filed a Motion to Proceed *in Forma Pauperis* in order to avoid paying the filing fee. ECF #2.

Before the court can reach the merits of any case before it or even address the Motion to Proceed *in Forma Pauperis*, the court must be assured that jurisdiction exists. "Federal Courts are courts of limited jurisdiction, without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach,* 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016). "The mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction." *Copeland v. Michaels Corp.*, 2016 WL 2978621, *2 (N.D. Miss. May 20, 2016).

1

In the present case, the defendant seeks to remove from the Justice Court of DeSoto County, Mississippi a complaint for residential eviction brought against her by Gramercy East Apartments for an alleged $3,300.00 in unpaid rent.   The defendant's civil cover sheet and an attachment to the notice of removal indicates that the defendant appears to base the removal on purported federal question jurisdiction based on the defendant's various causes of action and/or defenses to the complaint, such as violation of the Fair Debt Practice Act.   However, federal-question jurisdiction requires that the federal question be presented in the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).   A defense arising from federal question, by itself, is not enough to establish jurisdiction in the federal court. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).

Here, the plaintiff filed a complaint for the residential eviction of the defendant for the violation of a lease contract entered into by the parties.   The complaint does not allege any claim arising under the laws or Constitution of the United States, and therefore this court lacks jurisdiction over this case.   "If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

Therefore, the undersigned RECOMMENDS that this case be remanded to the Justice Court of Desoto County, Mississippi.

Objections to this report and recommendation are required to be in writing and must be filed within fourteen (14) days of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

**SO ORDERED**, this the 21st day of October 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

3