IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GRAMERCY EAST APTS.**                                                                              **PLAINTIFF**

**V.**                                                   **NO. 3:24-CV-319-DMB-RP**

**TAYLORE K NEAL**
**and all other occupants**                                                        **DEFENDANTS**

## ORDER

On November 8, 2024, United States Magistrate Judge Roy Percy issued an "Amended Report and Recommendation" ("Amended R&R") recommending this case be remanded to the Justice Court of Desoto County, Mississippi, finding that removal of "a complaint for residential eviction brought against [Taylore K Neal] by Gramercy East Apartments for an alleged $3,300.00 in unpaid rent" "for the violation of a lease contract … does not allege any claim arising under the laws or Constitution of the United States, and therefore this court lacks jurisdiction over this case." Doc. #8 at 2. The Amended R&R warned that failure to file written objections within fourteen days "shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions [in the Amended R&R] accepted by the district court." *Id.* at 2–3 (citation omitted).

On November 22, 2024, Neal filed a document, the first page of which states:

> I, Taylore Neal, is Objecting to the courts recommendation that my case stay in Desoto Justice Court. I ask the court to look at my documents that are sent along with this letter. Secondly, I ask the court to ask the Judge and the Lawyer for their Law license before this goes any further! Desoto County Justice did not ask the Attorney General can they charge me nor the Secretary of State. They are filing Eviction on me, will tell the IRS I didn't pay the taxes on my case. I do not consent to be Surety for no "COURTS"! I ask that the Courts reconsider it's recommendation.

Doc. #9 at PageID 24. The rest of the document consists of (1) a "General Claim Form with

Relevant Laws;"[1] (2) an "Affidavit of Fact, Equity, and Declaration of Void Agreement;"[2] (3) an "Invoice for Redemption;" (4) a "Complete Schedule of Stamp Duties, As Amended by the Act of Congress, Approved March 3, 1863;" (5) "United States Department of Justice Overview of the Privacy Act of 1974;" (6) "Mississippi Code Title 89. Real and Personal Property § 89-5-27;" (7) "Mississippi Code Title 89. Real and Personal Property § 89-5-24;" (8) "The Amendments to the Constitution of the United States as Ratified by the States;" and (9) Neal's lease with Gramercy East Apartments. *Id.* at PageID 25–110.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies where … a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being served with notice of the consequences of failing to object."[3] *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (cleaned up). "[F]rivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

Nothing in Neal's objection document addresses or negates the Amended R&R's finding that the Court lacks jurisdiction over this case. While the 87-page document includes some references to federal law and regulations and the amendments to the United States Constitution (along with references to Mississippi statutes), Neal does not explain (and the Court does not see) why or how such establishes this Court's subject matter jurisdiction over what can only be deemed

---

[1] This appears to be a complaint by Neal against Gramercy East Apts. which contains Neal's notarized signature dated October 28, 2024, and claims, among other things, "Lack of Jurisdiction," "Unlawful Debt Collection Practices," "Improper Service of Process," and "Violation of Regulation Z." Doc. #9 at PageID 27, 28. To the extent Neal attempts to bring the claims in the complaint as an objection to the Amended R&R, such is procedurally improper.

[2] The affidavit reflects it was signed by Neal on October 28, 2024. *Id.* at PageID 31.

[3] "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017).

a state court eviction action. Even if any of Neal's objections raised a valid defense to the eviction action based on federal law, the Amended R&R correctly concludes that "[a] defense arising from federal question, by itself, is not enough to establish jurisdiction in the federal court."[4] Doc. #8 at 2. Consequently, Neal's objections are **OVERRULED**. And because the Court, upon conducting a de novo review, concludes that the state court complaint raises no federal question[5] and that this Court lacks subject matter jurisdiction over the complaint, the Amended R&R [7] is **ADOPTED** as the order of the Court. This case is **REMANDED** to the Justice Court of Desoto County, Mississippi.

**SO ORDERED**, this 25th day of November, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] *See The Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) ("Generally, a federal question has to appear on the face of a complaint; it is not enough … that a defense based on federal law exists.").

[5] The state court "Complaint for Residential Eviction" filed by Gramercy East Apts. as landlord against "Taylore K Neal and All Other Occupants" as tenants alleges a lease violation regarding an apartment unit in Horn Lake, Mississippi, and a total debt of $3,585.00 (including a $200.00 attorney fee and $85.00 filing fee); and seeks eviction pursuant to "the [Mississippi] Residential Landlord and Tenant Act." Doc. #3 at PageID 10. The complaint does not reference or cite any matter "arising under the Constitution, laws, or treaties of the United States" as required by 28 U.S.C. § 1331 for federal question jurisdiction.